**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG**

**LINWOOD RUDOLPH WILLIAMS,**
      **Plaintiff,**

**v.**                                                                          **CIVIL ACTION NO. 1:17-cv-11**

**ZACHERIA ALI and
GANGSTER CHRONICLE WORLD WIDE, LLC,**
      **Defendants.**

**ORDER DENYING PLAINTIFF'S MOTION FOR EXTENSION OF TIME
AND REPORT AND RECOMMENDATION RECOMMENDING
DISMISSAL OF COMPLAINT WITHOUT PREJUDICE**

This case is before the undersigned upon referral order (ECF No. 4) entered by United States District Judge, Irene M. Keeley, on January 27, 2017.  For the reasons discussed below, the undersigned magistrate judge **DENIES** Plaintiff's motion for an extension of time to serve Defendants ( ECF No. 31) and **RECOMMENDS** that this case be **DISMISSED** without prejudice.

**Procedural History**

On January 20, 2017, Plaintiff, Linwood Rudolph Williams, filed both a *pro se* complaint against Defendants, Gangster Chronicle World Wide, LLC, and Zacheria Ali (ECF No. 1), and a motion to proceed *in forma pauperis* (ECF No. 2).  Plaintiff's motion to proceed *in forma pauperis* was granted on February 2, 2017.  On the same date, service of process was ordered by the Court, and returned unexecuted on March 28, 2017.   On March 31, 2017, the Court entered an order (ECF No. 17) directing Plaintiff to provide the Court with Defendants' proper address(es).  Thereafter, Plaintiff submitted to the US Marshals Service, by letter (ECF No. 19), an updated address and phone number for Defendants, the updated address being "93 Old York Road, Suite 1-6N, Jenkintown, PA 19046." After being informed by the United States Marshals Service that the above address was not the correct address for Defendants, the Court noticed Plaintiff by order (ECF No.

20) that he had until April 20, 2017, to properly execute service of process. On April 7, 2017, after

being advised by the United States Marshals Service that it had obtained an address associated with

the phone number provided to the Court by Plaintiff for Defendant Zacharia Ali, the Court ordered

(ECF No. 21) reissuance of a twenty-one day summons and service of process to 1700 Market

Street, Philadelphia, PA 19103; the summonses were returned unexecuted on May 15, 2017. On

June 1, 2017, the Court entered an order directing Plaintiff to show good cause why he has failed to

serve Defendants. On June 20, 2017, Plaintiff filed a motion for a 90-day extension to execute

service upon Defendants and explained his cause for failing to serve Defendants. (ECF No. 31).

### Discussion

In his motion (ECF No. 31), Plaintiff noticed the Court that he made a good faith effort to

effect service upon Defendants through the United States Marshals Service, and personally, by

email and certified mail with the United States Postal Service.  Plaintiff explained that the address

and phone number he provided to the Court were the same he used to communicate with

Defendants from January 2009 through February 2016.  However, the certified mail receipt was

returned without a signature indicating an unsuccessful delivery.

Rule 4 of the Federal Rules of Civil Procedure sets the guidelines on how to properly serve a

defendant. Rule 4(e) specifically outlines how to properly serve an individual:

> (A) Following state law for serving a summons in an action brought in courts of
> general jurisdiction in the state where the district court is located or where
> service is made; or (2) doing any of the following:  (A) delivering a copy of
> the summons and the complaint to the individual personally; (B) leaving a
> copy of each at the individual's dwelling or usual place of abode with
> someone of suitable age and discretion who resides there; or (3) delivering a
> copy of each to an agent authorized by appointment or by law to receive
> service of process.

Fed. R. Civ. P. 4(e).  Rule 4(h) outlines how to properly serve a corporation, partnership, or

association within a judicial district of the United States:

(A) In the manner prescribed by Rule 4(e)(1) for serving an individual; or (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant.

Fed. R. Civ P. 4(h).  None of the methods of service outlined in the Rule were successfully carried out.

Federal Rule of Civil Procedure 4(m) provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own initiative after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed.R.Civ.P.

Plaintiff explained his failure to serve is a result of him being incarcerated and having limited resources and public means for communication, and highlighted his good faith efforts to serve Defendants at the last known address he had. The Court recognizes Plaintiff's efforts, but finds his stated reasons for his failure to serve Defendants within the 90-day time period do not meet the standard of good cause. The Court further recognizes that if Plaintiff's complaint is dismissed without prejudice, Plaintiff will be able to refile his case and thereafter properly effect service within the 90-day period.

Accordingly, the Court **DENIES** Plaintiff's motion for extension of time (ECF No. 31) and **RECOMMENDS** that this case be **DISMISSED** without prejudice.

Any party may, within **fourteen (14) days** after being served with a copy of this Report and Recommendation, file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection. A copy of such objections should be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Report and

Recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk of the Court is directed to transmit copies of this Order and Report and Recommendation to counsel of record and to send a copy to the *pro se* Plaintiff by certified mail, return receipt requested. The Clerk is further directed to terminate from the active docket, Plaintiff's motion for extension of time (ECF No. 31).

It is so **RECOMMENDED AND ORDERED**.

Dated: June 23, 2017

_____
MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE

4