```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

**LINWOOD RUDOLPH WILLIAMS**

    **Plaintiff,**

**v.**  //  **CIVIL ACTION NO. 1:17CV11**
                                      **(Judge Keeley)**

**ZACHERIA ALI and**
**GANGSTER CHRONICLE WORLD WIDE, LLC,**

    **Defendants.**

### ORDER ADOPTING REPORT AND RECOMMENDATION
### [DKT. NO. 32] AND DISMISSING CASE WITHOUT PREJUDICE

On January 20, 2017, the pro se plaintiff, Linwood Rudolph Williams ("Williams"), filed a complaint against the defendants, Zacheria Ali and Gangster Chronicle World Wide, LLC, alleging that they had breached the parties' publishing contract (Dkt. No. 1). Pursuant to 28 U.S.C. § 636 and the local rules, the Court referred the case to the Honorable Michael J. Aloi, United States Magistrate Judge, on January 27, 2017 (Dkt. No. 4).

On February 2, 2017, Magistrate Judge Aloi granted Williams's motion to proceed in forma pauperis, directed the Clerk to issue summonses, and directed the United States Marshals Service ("USMS") to serve process pursuant to Fed. R. Civ. P. 4(c) (Dkt. No. 7). After the USMS made several failed attempts to serve process at the address Williams provided, on June 1, 2017, Magistrate Judge Aloi directed Williams to show good cause why he had failed to effect service within the 90-day period required by Fed. R. Civ. P. 4(m) (Dkt. No. 29). In response, Williams explained that he, as a

**WILLIAMS V. ALI, ET AL.** 1:17CV11

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 32] AND DISMISSING CASE WITHOUT PREJUDICE**

federal prisoner, had limited resources and means of communication, had provided the last known address for the defendants, and had made his own attempts to serve the defendants "via email and U.S. Postal Service." Williams further requested a 90-day extension of time in which to effect service (Dkt. No. 31).

On June 23, 2017, Magistrate Judge Aloi denied Williams's motion for an extension of time and filed a Report and Recommendation ("R&R"), recommending that the Court dismiss Williams's complaint without prejudice for failure to serve (Dkt. No. 32). Acknowledging that Williams had undertaken some good faith efforts to effect service, the R&R nonetheless reasoned that he had failed to demonstrate good cause based solely on his "limited resources and public means for communication." The R&R also informed Williams of his right to file any objections to the recommendations within 14 days following his receipt of the R&R. Id. at 3. Although he received the R&R on June 27, 2017, Williams has not filed any objections (Dkt. No. 33).

This Court is required to review de novo only those portions of the magistrate judge's findings to which specific objection is made. Dellarcirprete v. Gutierrez, 479 F. Supp. 2d 600, 603-04 (N.D.W. Va. 2007) (citing Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983)). "[T]he Court may adopt, without explanation, any of the magistrate judge's recommendations to which the prisoner does

2

**WILLIAMS V. ALI, ET AL.**                                              **1:17CV11**

### ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 32] AND DISMISSING CASE WITHOUT PREJUDICE

not object." Id. at 604 (citing Camby, 718 F.2d at 199). Because Williams has not filed any objections, the Court's review of the R&R is for clear error.

After reviewing the R&R and the record, the Court adopts the opinion of the Magistrate Judge for the reasons discussed in the R&R (Dkt. No. 32). It therefore:

1.   **ADOPTS** the R&R (Dkt. No. 32); and

2.   **DISMISSES** this case **WITHOUT PREJUDICE.**

It is so **ORDERED.**

The Clerk is directed to transmit a copy of this Order to the pro se plaintiff by certified mail, return receipt requested, and to enter a separate judgment order.

Dated: July 18, 2017.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE

3